**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **POWELL ELECTRICAL** | § | |
| **MANUFACTURING COMPANY,** | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:07-CV-2173-O** |
| | § | |
| **UNITED STATES SECRETARY OF** | § | |
| **LABOR HILDA SOLIS, and** | § | |
| **UNITED STATES DEPARTMENT** | § | |
| **OF LABOR** | § | |
| **Defendants** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss.

Having considered this motion and associated responses, briefs and evidence, the Court finds that it should be and is hereby **GRANTED**.

I.    Background

Plaintiff filed this lawsuit on December 28, 2007, alleging that Defendant Department of Labor ("DOL"; "the Department") had refused to perform a duty owed to Plaintiff to send it certain documentation pertaining to DOL's intention to deny it an immigration visa for a prospective employee. Plaintiff asks this Court to issue a write of mandamus compelling DOL to send it a Notice of Findings ("NOF"), more fully described below, with the original visa application that Plaintiff filed with that Department. Defendant Secretary Chao was brought into the suit as head of DOL. Secretary Hilda Solis has been substituted for Secretary Chao pursuant to Rule 25.  Fed. R. Civ. P. 25.

Defendants filed a Motion to Dismiss on December 29, 2008. The Defendants contend that the Court lacks jurisdiction in this matter. On March 11, 2009, the Court issued an order notifying the parties it intended to rule on the matter under the standards of Rule 56 and inviting the parties to submit anything further they wished to have considered in light of that intent.

II.     Legal Standard

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show. . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S.

at 249.  Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim.  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Summary judgment in favor of the Defendant is proper if, after adequate time for discovery, the Plaintiff fails to establish the existence of an element essential to her case and to which she will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant.  *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences.  *Anderson*, 477 U.S. at 255.  As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

III.    Evidentiary Matters

Powell is a manufacturing company in Houston, Texas. It offered a foreign national a position paying $65,000 annually (Doc. #1 at 12), conditioned upon the company obtaining a work visa on his behalf. Doc. #1 at 7. The United States

Citizenship and Immigration Service issues immigration visas. Before the USCIS may consider granting a work visa, the Department must first make certain findings of fact and certify that the proposed employment will not contravene statutory prohibitions on disruption of the regional labor economy.  Powell applied to the Department for a certification on the individual's behalf.

The evidence, read in the light most favorable to the non-movant, is that on August 25, 2004, Powell filed a Form ETA 750 with DOL applying for a labor certification on behalf of a design engineer named Kai Wang. The Department issued a NOF dated March 5, 2007, declaring its intent to deny the application based on two deficiencies. The NOF stated

> This Notice of Findings is issued in accordance with Title 20, Code of Federal Regulations, Section 656.25(c). You have until April 9, 2007, to rebut the findings or to remedy the defects outlined in the attachment. This response should be sent to the Certifying Office in duplicate by certified mail on or before the date specific above ....
>
> Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you. All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Withdrawal of the application is not an available remedy. If the rebuttal is not mailed by certified mail on or before April 09, 2007, this Notice of Findings <u>automatically</u> becomes the final decision of the Secretary denying labor certification. Further, a request for review of a denial of certification under 20 CFR § §656.26 may not be made if the Notice of Findings is not rebutted in a timely manner ....
>
> A copy of the Form ETA 750, Parts A and B, have been returned in the event that any changes are necessary. The amended copies must be returned with your resubmission. Any amendments made to the ETA 750, Part A must be initialed and dated by the employer, and any amendments made to the ETA 750, Part B must be initialed and dated by the alien, as appropriate.

> FAILURE TO RETURN THE ETA 750, PARTS A AND B (WITH OTHER
> REBUTTAL INFORMATION WHERE APPLICABLE) WILL RESULT IN
> DENIAL OF THE INSTANT APPLICATION.

Doc. #1, at 10, 13 (emphases in original).

Powell had directed that communications from DOL to itself were required to be made to its attorney of record, Michael Coles, of Dallas. Doc. #31-2 at 7. The NOF was thus to be mailed to Plaintiff's counsel at: Powell Electrical Manufacturing Company "c/o Michael E. Coles / The Coles Firm P.C. / 3838 Oak Lawn Ave. #1825 / Dallas, TX 75219." Doc. #1 at 10. This address was still the address of Mr. Cole when the lawsuit was filed. *See, id.* at 7.

The copy sent to Plaintiff in care of its counsel at counsel's office address did arrive but did not include as an attachment a copy of the original application (ETA 750). *Id.* The copy sent to Powell's counsel, also sent to his office address did not arrive. Mandamus Action Petition 16, ¶2. The affected alien has also sworn that he did not receive a copy, which he had asked to be sent to him in care of counsel at counsel's office. See Doc. #33 at 3.

The NOF noted that any response, amendments, and additional document were to be "mailed by certified mail on or before April 09, 2007," to Jenny Elser, the DOL certifying officer then responsible for the file. *Id.* Powell admits that it "received a Notice of Intent to Deny." Mandamus Action Petition 16, ¶2. However, Plaintiff reiterates the claim that it could not respond because counsel did not "receive the original application." *Id*. After time had expired to supplement the record in rebuttal, Plaintiff sent a letter to the general address for DOL immigration matters asking for the ETA 750. Powell Appendix 3, ¶6; *see also* Mandamus Action Petition 2, ¶2.

However, Plaintiff never contacted the certifying officer.  Certification was denied automatically when the applicant did not respond timely to an NOF detailing deficiencies. *Id.* The NOF was then converted into a Final Decision ("FD") and became the operative document for any further proceedings. *Id. See, Madeleine S. Bloom,* No. 88-INA-152 (October 13, 1989) (*en banc*), *recon. den.* (Dec. 20, 1989)(*per curiam*); *Raj Sahoo,* No. 2004-INA-00366 (February 2, 2006).

The first time Powell responded to the NOF was by a letter from counsel dated April 20, 2007 ("the April 20 letter"), sent to DOL's local offices, addressed "Dear Sir or Madam," and questioning the case's status along with three other cases involving different employers. *Id.*  at 22. The April 20 letter included a copy of the NOF received by Plaintiff, which said that it was waiting for the ETA-750.  *Id.* at 22. This was followed by informal emails and telephone conversations with DOL personnel in which conflicting information was given regarding the status of the application. *Id.* at 2, 3; *see*, *id.* at 24-30.

Powell did not pursue widely known administrative remedies with the Department, [1] choosing instead to file this lawsuit demanding certification without submission of the information required by Congress as a pre-requisite for certification. [2]

---

[1] See footnote 8 and accompanying text.
[2] A final adverse decision by the Department would have provided Powell further options of administrative appeal. 20 CFR § 656.25 – 20 CFR § 656.27. The power of this Court to review the matter after Powell exhausted his administrative remedies is not in issue in the pleadings.

IV.    Analysis

    A.    Mandamus

The Mandamus Act vests the district court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) (emphasis added); 28 U.S.C. § 1361. Mandamus is an extraordinary form of relief that the court may grant only when it is established that: (1) petitioner has a clear entitlement to the relief requested, (2) the respondent has a clear duty to act, and (3) no other adequate remedy is available. *Hebert v. Exxon Corp.,* 953 F.2d 936, 938-39 (5th Cir. 1992); *In re Sessions,* 672 F.2d 564, 566 (5th Cir. 1982)

    B.    Labor Certification

Powell sought an opinion from the DOL certifying officer that the desired visa met legislated standards allowing admission of the alien employee. Upon certification, the applicant could then have pursued the visa through the United States Citizenship and Immigration Service ("USCIS"). DOL may grant permanent work visas only if it is able to certify that

> (i) There are not sufficient United States workers who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor; and

> (ii) The employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

7

8 U.S.C. 1182(a)(5)(A); 20 CFR §§ 656.2 (c).[3]

The Department has established the procedure by which certification may be sought through Part 656 of Title 20 of the Code of Federal Regulations. *See* 20 CFR §§ 656.1 – 656.62.[4]

Labor certification does not necessarily result in receiving a visa. DOL plays a subordinate, preliminary role in granting work visas. The USCIS is bound only by the finding that the domestic market would not be adversely impacted. The USCIS is tasked to review other criteria for awarding visas, including whether an alien is qualified for the job proposed. 8 U.S.C. Sec. 1154; *see, K.R.K. Irvine, Inc. v. Landon,* 699 F.2d 1006 (9th Cir. 1983).

The DOL found that Powell's application failed on all three prongs of the test by which the Department's discretion was to be exercised. First, the application failed to offer the required report of results from an effort recruiting local workers for the position during an established recruitment period. Doc. #1 at 11.

Powell's failure to document recruitment efforts in the application prevented the Department from certifying in good faith that there were "not sufficient United States workers who [were] able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place where the

---

[3] The regulations promulgated in 2004 are those considered by the Court as they apply to the instant case. Accordingly, the regulatory citations in this decision are to the 2004 edition of the Code of Federal Regulations, 20 C.F.R. Part 656 (Revised as of Apr. 1, 2004), unless otherwise noted. Likewise, the process of review and remedies available are those contemporaneous with the events of which Plaintiff complains. Since that time, the Department has adopted the "PERM" regulations, which have impacted some of the procedures and substance. *See* 69 Fed. Reg. 77326 (Dec. 27, 2005). For example, the guidelines for a certifying officer to approve labor certification now requires that the employer must pay at least 100% (instead of only 95%) of the "prevailing wage." *Id.*

[4] See note 3 above regarding this citation.

alien [was] to perform such skilled or unskilled labor." *See,* 8 U.S.C. 1182(a)(5)(A)(i);
20 CFR §656.24(b)(2).

Secondly, Powell's default in addressing this basic pre-requisite for
consideration also prevented DOL from finding that "[t]he employer has met the
requirements of [the applicable regulations]." *See,* 20 CFR §656.24(b)(1). The
importance of this omission is underscored by the restrictions on the Department's
certifying officer's discretion. While generally empowered to determine omissions
to be "harmless error" and grant the certification, that was expressly forbidden
unless "the labor market has been tested sufficiently to warrant a finding of
unavailability of and lack of adverse effect on U.S. workers." *Id.*

Finally, Powell's announced salary for the position was $25,813 (28.4%)
below the domestic prevailing rate. Under contemporaneous provisions, the
Department reviewed that matter by a complex set of guidelines, references and
formulae. *See* 20 CFR § §656.40. Under the pre-PERM regulations, DOL would have
evaluated the salary undercutting the established domestic market in light of a five
percent tolerance set by law. *See* 20 CFR § 656.40 (a)(2)(i). In the Department's
opinion, approving Powell's offer would have "adversely affect[ed] the wages and
working conditions of workers in the United States similarly employed." Doc. #1 at
12; *see*, 8 U.S.C. 1182(a)(5)(A)(ii); 20 CFR § §656.24(b)(3).

Deciding to deny the application subject to rebuttal and amendment, the
certifying officer was required to send an NOF to the applicant, who could then
submit a rebuttal within a time limit stated by regulation and in the NOF. 20 CFR §
656.26.  Reading the evidence in the light most favorable to the non-movant, it

appears that while one to three copies of the NOF were sent to the same person and
address, only one arrived. That copy, per Powell, did not include the original visa
application.

However, the NOF Powell received detailed the manner in which further
action could be taken. First, Powell could submit its own economic analysis within
provided guidelines. *Id.* Alternatively, Powell could simply increase the salary offer
to "equal or exceed the prevailing rate." *Id.* at 13. Powell would not have had to re-
advertise the position with the new salary unless later required by the Department.
*Id.* Any response, amendments, and additional document were to be sent "by
certified mail on or before April 09, 2007," to Jenny Elser, the DOL certifying officer
then responsible for the file. *Id.*

In the event Powell elected to make an offer equaling or exceeding the
prevailing rate, the NOF directed Powell to amend the ETA 750. Mandamus Action
petition, 13. The change was to be signed and dated by the employer and the
amended application returned by the April 9, 2007, deadline. *Id*. The NOF
represented that a "copy of the Form ETA 750" had been returned and that any
amendment should be made on it. *Id.*

The next step in the certification process after a denial or failure to provide
necessary materials was to request a review by the Board of Alien Labor
Certification Appeals (BALCA). *See, Madeleine S. Bloom,* No. 88-INA-152 (October 13,
1989) (*en banc*), *recon. den.* (Dec. 20, 1989)(*per curiam*); *Raj Sahoo,* No. 2004-INA-
00366 (February 2, 2006).  Even when denial has been based on a failure to respond
to an NOF, then and now, BALCA will re-open the application at the rebuttal stage,

allowing it to continue without prejudice, if necessary to avoid "manifest injustice."

*Id.*

In *Bloom,* the applicant did not return a rebuttal to the NOF, which resulted in the automatic denial of its certification request. However, the applicant provided evidence that its attorney had failed to file the rebuttal, assured the applicant despite assurances to the contrary, and then absconded. The Board of Alien Labor Certification Appeals ("BALCA") found that:

> Although we recognize the importance of compliance with procedural deadlines, it is not the purpose of the [Immigration and Nationality] Act or the [DOL's] regulations to require a mechanical adherence to filing requirements when the ends of justice will not be served.  It is clear from the facts in this case that the ends of justice will not be served by allowing Employer to suffer the consequences of its attorney's negligence. The case law indicates that, absent a specific intent to treat regulatory deadlines as jurisdictional and unwaivable they may be waived in appropriate instances.  We hold that this is such an instance.

Id. (citations omitted).

BALCA has the "authority to review a denial based on an untimely rebuttal because the deadline is not jurisdictional and can be waived under the appropriate circumstances." *Angel Trejo Escamilla,* Nos. 2003-INA-268 through 273 (January 25, 2005) ; *Lucyna Jasek,* No. 92-INA-00246, (June 2, 1993); *Rolando A. Mena,* No. 90 INA 525 (December 1, 1992).[5]

The *Bloom* rule has been tightened as to review standards. *Park Woodworking, Inc.,* 90-INA-93 (Jan. 29, 1992) (en banc). The Board in *Park*

---

[5] Significantly, then, this discretion existed pre-PERM and remains post-PERM. See footnotes 3 at page at page 7 supra, and 7 at page 13 infra, and related text regarding PERM.

*Woodworking*[6] dealt with an instance where there were no particularly egregious facts weighing against denial, and the application on its merits was weak. The Board also faced questions of credibility as to the attorney's claims:

> On September 20, 1989, the Certifying Officer issued a Final Determination stating that the requested certification had been denied because Employer had failed to submit a timely rebuttal to the NOF.   The Certifying Officer noted that .... By a letter dated October 5, 1989, Employer requested the Certifying Officer to reconsider his Final Determination denying certification.   In that letter, Employer asserted that it did take action in June of 1989 to comply with the substantive requirements of the NOF, and that it mailed the rebuttal documentary evidence to the Certifying Officer on July 5, 1989.   No certified mail receipts for the July 5 mailing were offered, however. On October 25, 1989, the Certifying Officer denied the request for reconsideration and forwarded the matter to this Board for review.

*Id.* The Board found no "manifest injustice" would result by upholding the denial that resulted from an automatic final decision upon the applicant's failure to respond properly to the NOF.

    While supplying greater scrutiny to the request, the *Park Woodworking* decision nonetheless left in place the remedy of appeal to the Board to re-open a final decision.   BALCA allows appeals and has provided relief in circumstances similar to these. *See, Madeleine S. Bloom,* No. 88-Ina-152 (October 13, 1989); *see also, Raj Sahoo,* No. 2004-INA-00366  (February 2, 2006); *Jorge Jimenez Abarca,* No. 2004-INA-80 (August 31, 2005); *Alfred Paquette,* 89-INA-350 (Feb. 8, 1991). The Department's administrative mechanisms allowed applicants to re-open proceedings, including instances in which they did not receive an NOF or FD or failed to return the rebuttal in a timely or proper manner. *See, e.g., Jorge Jiminez*

---

[6] "Blue Book" rules of citation are relaxed here, where the usual rule is to use the alien individual's name, for the sake of clarity, inasmuch as *Park Woodworking* is the short style under which this case has become known among practitioners.

*Barca,* 2004-INA-80 (August 31, 2005); *Vikas Singhal,* 91-INA-333 (March 17, 1994), *Cynthia Kincaid*, 88-INA-320 (June 14, 1989).

The particulars of the foregoing describe the process at the time of Powell's application. Worked out through the 1990s, this had become "a very familiar procedure … for the immigration law community" by the time of that application. *Inre Uthayashanker Wimalendran,* 2006-PER-1, A-05171-08693, *9 (July 18, 2006).[7] Research discloses ample use of that procedure by applicants before BALCA.[8]

C. Exhaustion of Remedies

It is axiomatic that requiring an exhaustion of remedies may be mandatory or prudential. It is mandatory in an order of removal case, where claims of exhaustion will be closely examined. *Weinberger v. Salfi*, 422 U.S. 749 (1975); *Sayyah v. Farquharson*, 382 F.3d 20 (1st Cir. 2004); *Ramani v. Ashcroft*, 378 F.3d 554, (6th Cir. 2004); *Theodoropoulos v. I.N.S.*, 358 F.3d 162 (2d Cir. 2004). No such mandate exists here.

However, within their discretion, courts may require prudential exhaustion in cases where no statutory mandate exists. *NLRB v. Industrial Union of Marine and Shipbuilding Workers,* 391 U.S. 418, 426 n. 8 (1968); *see also, McGee v. U.S.*, 402 U.S. 479 (1971). It is the rule in the Fifth Circuit that exhaustion "of administrative remedies is a general prerequisite to judicial review of any administrative action." *Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir. 1979). Prudential exhaustion is particularly appropriate if:

---

[7] While the procedural and administrative-appellate safeguards of this system were admirable, the flood of applications in the late 1990s and early 2000s led to a significant backload. The current "PERM" system was adopted for that reason. *Id.,* **9-10. See footnote 3 at page 7 supra, regarding PERM.

[8] *Bloom* has been cited in at least fifty-three BALCA decisions noted by Westlaw over the years.

(1) agency expertise makes agency consideration necessary to
generate a proper record and reach a proper decision;
(2) relaxation of the requirement would encourage the deliberate
bypass of the administrative scheme; and
(3) administrative review is likely to allow the agency to correct its
own mistakes and to preclude the need for judicial review.

*Puga v Chertoff,* 488 F.3d 812 (9th Cir. 2007);  *Montes v. Thornburgh*, 919 F.2d 531,

527 (9th Cir. 1990).

Courts may indeed order an executive agency to fulfill a duty. *See, e.g.,*

*Dawoud v. Dep't Homeland Sec.,* F.Supp.2d, 2007 WL 4547863 (N.D.Tex.). In *Dawoud*,

for example, jurisdiction was found to consider whether a federal agency could be

ordered to conduct a background check mandated by its regulations as a

prerequisite for consideration of the merits of an application. *Id.*

However, exhaustion of administrative remedies is prudent when the

complainant cites procedural errors for which remedies are provided within the

executive department itself. *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir.

2001); *Liu v. Waters*, 55 F.3d 421 (9th Cir. 1995); *Vargas v. U.S. Dept. of Immigration

and Naturalization*, 831 F.2d 906 (9th Cir. 1987).

Analogous cases involving the Board of Immigration Appeals ("BIA") suggest

that because BALCA (like BIA) maintains the power to reopen any case *sua sponte*

regardless of regulatory deadlines, it is sensible to require exhaustion of this

remedy before gaining a right to federal jurisdiction. *See, Toledo-Hernandez v.

Mukasey*, 521 F.3d 332 (5th Cir. 2008); *Wang v. Ashcroft*, 260 F.3d 448 (5th Cir.

2001); *Faddoul v. INS,* 37 F.3d 185, 192 (5th Cir. 1994)*; see also, Padilla v. Gonzales*,

470 F.3d 1209 (7th Cir. 2006). Failure of an executive agency's board vested with

such power to re-open upon request may be reviewed under an abuse of discretion standard. *Yahkpua v. INS,* 770 F.2d 1317 (5th Cir. 1985).

This is clearly a situation in which agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision. Congress charges DOL with the responsibility of determining whether a labor certification will adversely affect the regional market for workers of similar skills and employment. 8 U.S.C. 1182(a)(5)(A); 20 CFR § 656.2 (c). The NOF states with emphasis that it is "the Department's statement <u>of its intent</u> to deny the application." Doc. ##31-3 at 7 (emphasis in original). The Department sought information necessary to make a final evaluation, not pro forma filings to complete the record.

D. Relief Sought

Plaintiff seeks an order requiring labor certification. Even if Plaintiff had exhausted its administrative remedies, that relief would be over-reaching and imprudent. Plaintiff would have to establish that it is "clearly entitled to the relief request" and that "no other adequate remedy is available" under the law to obtain a mandamus. *Hebert v. Exxon Corp.,* 953 F.2d 936, 938-39 (5th Cir. 1992); *In re Sessions,* 672 F.2d 564, 566 (5th Cir. 1982).  Powell is not clearly entitled to have this Court order DOL to issue a labor certification if upon trial it proves that DOL did not include the ETA 750 with its mailings.

The evidence supporting a labor certification in this instance is clearly lacking given the DOL findings, the failure of Powell to address even basic requirements in application, and a review of the statutory standards to be applied in awarding certification. Generally courts may not set aside a labor certification denial

unless it is arbitrary, capricious, an abuse of discretion, or otherwise unlawful. *Ashbrook-Simon-Hartley v. McLaughlin*, 863 F.2d 410 (5th Cir. 1989); *Montessori Children's House and School, Inc. v. Secretary of Labor of U. S.*, 443 F. Supp. 599 (N.D. Tex. 1977).

The standard for reviewing the DOL's interpretation of its regulations is the plainly erroneous or inconsistent standard, *see Morrison and Morrison, Inc. v. Secretary of Labor of U. S.,* 626 F.2d 771 (10th Cir. 1980), and a court may not substitute its judgment for that of the Department. *Secretary of Labor of U. S. v. Farino,* 490 F.2d 885 (7th Cir. 1973). The requested relief asks the Court not only to substitute its judgment for that of DOL, but also to do so in the complete absence of even routine information used in assessing such a judgment.

The remedy sought by Powell is *not* to correct alleged inaction by DOL, but to punish DOL by ordering a certification without the proper information before it. Even if it had exhausted its administrative remedies, Powell could not have obtained the relief it is seeking.

Even if it were clearly entitled to certification, Powell would not be entitled to relief given its failure to avail itself of well-known and demonstrably effective administrative remedies to correct a simple postal controversy. Petitioners are not entitled to a mandamus when there are clearly adequate remedies available. *Hebert,* 953 F.2d at 938-39.

V.      Conclusion

In light of the Court's finding that Plaintiff failed to exhaust administrative remedies, Defendants' Motion to Dismiss is **GRANTED** and this case is dismissed without prejudice.

Signed this 13th day of April, 2009.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**